U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

SEP -4 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| UNITED STATES OF AMERICA | **INDICTMENT** |
| v. | Crim. No. 02-CR- 339 TJM <br> VIO: 21 U.S.C § 846; 843(b) |
| FRANCIS ROCCA, <br> ROBERT MORGAN, <br> GEORGE FULLER, <br> PATRICIA DeGROAT, <br> STEVEN FRONSMAN, <br> PETER "ELMO" GIGILIOTTI, <br> CHRISTOPHER CUTLER, <br> THOMAS LUSIGNAN, <br> JOSHUA GALLAGHER and <br> ROBERT COONEY, | {11 Felony Counts} |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**CONSPIRACY TO POSSESS WITH INTENT TO
DISTRIBUTE AND TO DISTRIBUTE A CONTROLLED SUBSTANCE**

**COUNT 1**

*THE GRAND JURY CHARGES:*

That beginning sometime in or before 1998, the exact date being unknown, and continuing thereafter up to and including August, 2002, in the State and Northern District of New York and elsewhere,

E C F
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK LAWRENCE K. BAERMAN, CLERK
Dated: 6-28-05
By: _____ Deputy Clerk

FRANCIS ROCCA,
ROBERT MORGAN,
GEORGE FULLER,
PATRICIA DeGROAT,
STEVEN FRONSMAN,
PETER "ELMO" GIGILIOTTI,
CHRISTOPHER CUTLER,
THOMAS LUSIGNAN,
JOSHUA GALLAGHER, and
ROBERT COONEY

the defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with BERNARD O'NEIL and others, to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

All in violation of Title 21, United States Code, Section 846.

### COUNT 2

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 1, 2002, in the State and Northern District of New York, **FRANCIS ROCCA,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

2

## COUNT 3

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 7, 2002, in the State and Northern District of New York, **ROBERT MORGAN**, the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 4

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 11, 2002, in the State and Northern District of New York, **GEORGE FULLER,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 5

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 11, 2002, in the State and Northern District of New York,

**PATRICIA DeGROAT,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 6

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 13, 2002, in the State and Northern District of New York, **STEVEN FRONSMAN,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 7

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 21, 2002, in the State and Northern District of New York, **PETER "ELMO" GIGLIOTTI,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony

4

under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 8

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 21, 2002, in the State and Northern District of New York, **CHRISTOPHER CUTLER,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

### COUNT 9

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 22, 2002, in the State and Northern District of New York, **THOMAS LUSIGNAN,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States

Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 10

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 23, 2002, in the State and Northern District of New York, **JOSHUA GALLAGHER,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

## COUNT 11

*THE GRAND JURY FURTHER CHARGES:*

That on or about July 24, 2002, in the State and Northern District of New York, **ROBERT COONEY,** the defendant herein, did knowingly and intentionally use a communication facility in committing and in causing and facilitating the commission of a felony under Title 21, United States Code, to wit, conspiracy to possess with intent to distribute and to

distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

All in violation of Title 21, United States Code, Section 843(b).

A TRUE BILL,

*Dianne M. Graham*
FOREPERSON OF THE GRAND JURY

JOSEPH A. PAVONE
UNITED STATES ATTORNEY

BY: *[signature]*

RICHARD S. HARTUNIAN
ASSISTANT U.S. ATTORNEY

COPIES SENT

8-18-03 PM
date   by

# UNITED STATES DISTRICT COURT

__Northern__ District of __New York__

UNITED STATES OF AMERICA
V.
Joshua Gallagher

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1:02-CR-339-009

Thomas Dulin
500 New Karner Road
Albany, New York 12205
Defendant's Attorney

AUG 18 2003

**THE DEFENDANT:**

X  pleaded guilty to count(s)  10 of Indictment

☐  pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐  was found guilty on count(s) _____
after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §§ 843(b) and 846 | Use of a Communication Facility in Committing and in Causing and Facilitating the Commission of a Felony | 7/23/02 | 10 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

X  Count(s)  1   X is   ☐ are  dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: February 5, 1978

Defendant's USM No.: 90683-038

Defendant's Residence Address:

1100 Mohawk Trail #17

North Adams, Massachusetts 01247

Defendant's Mailing Address:
Same

August 11, 2003
Date of Imposition of Judgment

_Thomas J. McAvoy_
Signature of Judicial Officer

Honorable Thomas J. McAvoy, U.S. District Judge
Name and Title of Judicial Officer

August 18, 2003
Date

E C F   D O C U M E N T
I certify that this is a printed copy of a document which was electronically filed with the UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 6-03-05
By: _____ Deputy Clerk

DEFENDANT: Joshua Gallagher
CASE NUMBER: 1:02-CR-339-009

# PROBATION

The defendant is hereby sentenced to probation for a term of 3 years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall not possess a firearm or other dangerous weapon.

DEFENDANT: Joshua Gallagher
CASE NUMBER: 1:02-CR-339-009

Judgment—Page 3 of 5

# SPECIAL CONDITIONS OF SUPERVISION

1) The defendant shall serve 6 months in home detention, commencing on a date and under conditions to be set by the probation officer. If the defendant is placed in the electronic monitoring program, he shall pay all costs associated with the program according to his ability to pay as determined by the probation officer;

2) The defendant shall participate in a program for substance abuse which shall include testing for drug and/or alcohol use and may include inpatient and/or outpatient treatment. The program shall be approved by the United States Probation Office.

3) The defendant shall perform 200 hours of community service. The site, schedule, and conditions shall be approved by the probation officer; and,

4) The defendant shall not own or possess any firearm or dangerous weapon.

5) The defendant shall contribute to the cost of any evaluation and/or treatment services rendered in an amount to be determined by the probation officer based on his ability to pay and the availability of third party payments;

| | | Judgment — Page __4__ of __5__ |
|---|---|---|
| DEFENDANT: | Joshua Gallagher | |
| CASE NUMBER: | 1:02-CR-339-009 | |

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case*(AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ | $ | |
|---|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: Joshua Gallagher
CASE NUMBER: 1:02-CR-339-009

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  X  In full immediately; or

**B**  ☐  Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance with  ☐ C,  ☐ D,  ☐ E below; or

**C**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment;

**D**  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk, U.S. District Court, Alexander Pirnie Federal Building, 10 Broad Street, Utica, New York 13501, unless otherwise directed by the court, the probation officer, or the United States attorney. If a victim cannot be located, the restitution paid to the Clerk of the Court for that victim shall be sent to the Treasury, to be retrieved if and when the victim is located.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Defendant Name, Case Number, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.